United States District Court
Southern District of Texas
**ENTERED**
January 07, 2020
David J. Bradley, Clerk

United States District Court     Southern District of Texas

| | |
|---|---|
| Joseph Andrew Beach,<br>    Petitioner,<br><br>v.<br><br>Lorie Davis,<br>Director, Texas Department<br>of Criminal Justice, Correctional<br>Institutions Division,<br>    Respondent. | Civil Action H-19-3629 |

## Memorandum and Recommendation

Joseph Andrew Beach has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a prison disciplinary case (D.E. 1) and an application to proceed in forma pauperis. (D.E. 2.) The court recommends that the petition be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

*1. Background*

According to the petition, Beach is serving a ten-year sentence. In June 2019, he was charged in a disciplinary case with being "out of place." As punishment, he lost 15 days of commissary privileges. Beach argues that he should have been allowed the opportunity for an informal resolution before punishment was imposed.

*2. Analysis*

Federal habeas relief is not available "absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (internal quotations omitted). In the context of a Texas inmate's challenge to a prison disciplinary proceeding, the focus is on whether the punishment imposed deprived the petitioner of a constitutional right.

*Buchanan v. Director, TDCJ-CID*, No. 6:17cv505, 2017 WL 6512357, at *1 (E.D. Tex. Dec. 19, 2017). Thus, the petitioner must show 1) that he has been punished by the loss of good time credits, and 2) that he is eligible for release on mandatory supervision. *Id.*

Beach does not allege the loss of any good time credits. (D.E. 1 at 6.) Therefore, Beach has not been deprived of any constitutional right. "[T]he Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). The loss of privileges constitutes only a change in the conditions of confinement, not the length of confinement, which does not implicate due process concerns. *Marx v. Stephens*, No. H-14-03193, 2014 WL 6453610, at *3 (S.D. Tex. Nov. 17, 2014).

*3. Conclusion*

The court recommends that the petition for writ of habeas corpus be denied with prejudice as no constitutional violation has been established. Because reasonable jurists would not find the court's assessment of Beach's claims debatable or wrong, the court recommends that a certificate of appealability not be issued. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The petitioner's application to proceed in forma pauperis (D.E. 2) is granted.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on January 7, 2020.

_____
Peter Bray
United States Magistrate Judge